UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON B.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01773-RLY-KMB |
| | ) |
| MARTIN J. O'MALLEY, Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Aaron B. suffers from a variety of ailments, including heart failure and cardiomegaly. He applied for disability insurance benefits on April 1, 2021, alleging an onset date of July 1, 2019. (Filing No. 7-5 at 2). His claim was denied initially on August 17, 2021, and upon reconsideration on February 10, 2022. (Filing No. 7-4 at 9, 16). An Administrative Law Judge ("ALJ") held a hearing on December 13, 2022. (Filing No. 7-2, ALJ Decision at 18). The ALJ issued an unfavorable decision on February 9, 2023, concluding that Plaintiff was not disabled. (*Id.* at 18, 27). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. (*Id.* at 2).

---

[1] To protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

On October 2, 2023, Plaintiff filed a request for judicial review of the decision denying him benefits. (Filing No. 1.). The court referred the matter to Magistrate Judge Barr on March 21, 2024, pursuant to 28 U.S.C. § 636. (Filing No. 12). In a thorough opinion, the Magistrate Judge recommended that the court affirm the Commissioner's decision. (Filing No. 14). Plaintiff objects to the Magistrate Judge's recommendation. (Filing No. 15). For the reasons set forth below, the court **OVERRULES** Plaintiff's Objection and **ADOPTS** the Magistrate Judge's Report and Recommendation.

**I.     Background**

The ALJ analyzed Plaintiff's claim in accordance with the five-step sequential evaluation process for determining disability set forth in 20 C.F.R. § 404.1520(a)(4) and concluded Plaintiff was not disabled. (*See* ALJ Decision at 18–27). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2019. (*Id.* at 20). At step two, the ALJ found Plaintiff had the severe impairments of heart failure and cardiomegaly. (*Id.*). The ALJ also found he had the non-severe impairments of obesity, diabetes and hypertension, obstructive sleep apnea, chronic kidney disease, umbilical hernia, and marijuana abuse. (*Id.*). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the severity of one of the listed impairments. (*Id.* at 21). Finally, the ALJ concluded Plaintiff could not perform any of his past work (step four) but that there were jobs existing in significant numbers in the national economy that he could perform (step five). (*Id.* at 24–26).

Before step four, the ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform "light work" with the following limitations:

> [N]ever climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; no more than occasional exposure to wetness and industrial vibrations; avoid all use of hazardous machinery and exposure to unprotected heights; and no job where driving or operating motorized vehicles is required to perform functions of the job.

(*Id.* at 21).

In her Report and Recommendation, the Magistrate Judge concluded that the ALJ's subjective symptom analysis was not patently wrong and thus did not warrant reversal. Additionally, the Magistrate Judge concluded that the ALJ did not commit substantial error when she did not incorporate leg elevation requirements into Plaintiff's RFC. Plaintiff objects, arguing the ALJ committed reversible error in her subjective symptom analysis.

## II.     Standard of Review

The court reviews *de novo* the portions of the Magistrate Judge's Report and Recommendation to which objections have been filed. Fed. R. Civ. P. 72(b)(3). The court "may accept, reject, or modify the recommended disposition." *Id.* The ALJ's decision will be upheld "so long as it uses the correct legal standards and . . . is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The ALJ is not required to mention every piece of evidence but must provide an 'accurate and logical bridge'

3

between the evidence and the conclusion that the claimant is not disabled" so that the court "may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful judicial review." *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) (emphasis in original) (quoting *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004)).  Courts defer to an ALJ's determinations of credibility unless "patently wrong." *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)).

### III. Discussion

Plaintiff objects to the Magistrate Judge's Report and Recommendation on two grounds: (1) the ALJ erroneously equated Plaintiff's activities of daily living to the ability to perform full-time work without adequately considering the limitations on his ability to complete those activities, and (2) the ALJ improperly relied on improvement in his condition in determining that his symptoms were less severe than he maintained.

Having reviewed the record, the court agrees with the Magistrate Judge that the ALJ did not improperly equate Plaintiff's ability to complete daily living activities with the ability to perform full-time work.  While ALJs must be careful not to equate daily activities "with the rigorous demands" of full-time work, "it is entirely permissible to examine all of the evidence, including a claimant's daily activities, to assess whether testimony about the effects of his impairments was credible or exaggerated." *Prill v. Kijakazi*, 23 F.4th 738, 748 (7th Cir. 2022) (quoting *Alvarado v. Colvin*, 836 F.3d 744, 750 (7th Cir. 2016)).  The ALJ noted that Plaintiff "cooks for his family, has no problems with personal care, does laundry, mows the grass, drives a car, goes out alone, shops in

stores, handles his finances, and is generally able to function independently and take care of his own basic needs." (ALJ Decision at 23). The ALJ concluded that "[t]hese daily activities are not as limited as one would expect given the claimant's complaints of disabling symptoms and limitations." (*Id.*). As such, the ALJ properly used the evidence of Plaintiff's daily activities to evaluate his credibility regarding the severity of his symptoms.

      Plaintiff contends that the ALJ erred in not acknowledging all the limitations to Plaintiff's daily activities. The ALJ noted that Plaintiff said he needed to take a break from walking and mowing every thirty minutes. (*Id.* at 22). Plaintiff points out that the ALJ did not include in her decision other limitations, such as the fact that his daughter helps with grocery shopping, he only spends fifteen to twenty minutes preparing simple meals, and it takes him two days to mow the lawn. (Filing No. 7-6 at 26–29). But ALJs "are subject to only the most minimal of articulation requirements." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). They "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Id.* As such, the ALJ did not have to list every limitation on Plaintiff's activities in her decision. *See Deborah M. v. Saul*, 994 F.3d 785, 791 (7th Cir. 2021) ("[T]he ALJ's failure to mention a few limitations on some of Plaintiff's activities, if wrong at all, was not so 'patently wrong' as to warrant reversal.").

      Moreover, in addition to his daily activities, the ALJ also considered Plaintiff's medical records in determining that his symptoms were not as severe as he claimed. The ALJ considered Plaintiff's April 2022 medical exam, which "was normal with no edema

5

noted." (ALJ Decision at 23). In October 2022, Plaintiff's physician "noted his heart failure was asymptomatic and well controlled." (*Id.*). Plaintiff contends that the ALJ erred by ignoring older medical evidence demonstrating that Plaintiff experienced edema. However, the ALJ acknowledged that, in the record, "edema is noted intermittently, specifically in 2019." (*Id.*). Nonetheless, the ALJ concluded that "the record shows generally the claimant denying having edema, and no edema noted on examination," citing records from medical examinations in June 2020, October 2020, October 2021, August 2022, and October 2022. (*Id.*). The ALJ's conclusion that the medical evidence ultimately did not support Plaintiff's claims regarding the severity of his edema was not patently wrong.

  Plaintiff argues that, even if his symptoms had resolved by his October 2022 examination, the ALJ failed to consider that he may still have been disabled for a continuous twelve-month period preceding that examination. However, this argument was not raised before the Magistrate Judge and is therefore waived. *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) ("[A]rguments not made before a magistrate judge are normally waived."). Even if the court considered this argument, it would not warrant reversal. The ALJ's decision shows that she considered notes of improving or no edema throughout the period between the onset date and the hearing. (ALJ Decision at 23 (citing physician notes from examinations in June 2020, October 2020, October 2021, August 2022, and October 2022)). Substantial evidence supported the ALJ's conclusion that Plaintiff was not disabled for any continuous twelve-month period.

6

Additionally, the court agrees with the Magistrate Judge's conclusions to which Plaintiff did not object. Specifically, the court agrees that any error by the ALJ in considering Plaintiff's marijuana use in the subjective symptom analysis would be harmless error because the ALJ identified other inconsistencies—Plaintiff's daily activities and medical records showing improvement in his symptoms—that were sufficient to discredit Plaintiff's claims regarding the severity of his symptoms. *See Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021) ("[I]f the error leaves us convinced that the ALJ would reach the same result on remand, then the error is harmless and a remand is not required."); *Halsell v. Astrue*, 357 F. App'x 717, 723–24 (7th Cir. 2009) ("Not all of the ALJ's reasons" for discounting a plaintiff's credibility regarding the severity of his symptoms "must be valid as long as *enough* of them are."). The court also accepts the Magistrate Judge's conclusion that the ALJ was not required to incorporate Plaintiff's testimony about needing to elevate his legs for three to four hours into his RFC. Furthermore, as it pertains to his RFC, Plaintiff has not shown why he could not comply with his primary care provider's recommendation that he elevate his legs twice daily outside of work.

In sum, the ALJ's determination that Plaintiff's symptoms were not as severe as he claimed, given his daily activities and the medical evidence showing his condition had improved, was not patently wrong. Moreover, substantial evidence supported the ALJ's determination of Plaintiff's RFC. As such, the court agrees with the Magistrate Judge's recommendation that the Commissioner's decision denying Plaintiff disability insurance benefits should be affirmed.

## IV. Conclusion

For the reasons set forth above, the court **OVERRULES** Plaintiff's Objection (Filing No. 15), **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 14), and **AFFIRMS** the decision of the Commissioner finding Plaintiff was not disabled.  Final judgment shall issue by separate order.

**IT IS SO ORDERED** this 27th day of August 2024.

                              _____
                              RICHARD L. YOUNG, JUDGE
                              United States District Court
                              Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.